UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KAREN JEAN LUCAS, ) | CASE NO. 1:08 CV 0075 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY COMMON ) | AND ORDER |
| PLEAS COURT, et al., ) | |
| ) | |
| Defendants. ) | |

On January 11, 2008, pro se plaintiff Karen Jean Lucas filed the above-captioned action against the Cuyahoga County Court of Common Pleas, Cuyahoga County Common Pleas Court Judge Timothy McCormick, Cuyahoga County Clerk of Court Gerald E, Fuerst, Cuyahoga County Common Pleas Court Magistrate Amy Cuthbert, Attorney Christopher Scott Casterline, and Cuyahoga County Sheriff Gerald T. McFaul. Ms. Lucas characterizes this action as a "Request for Immediate Emergency Injunction and Declaratory Relief" which she claims also "serves as an additional Notice of Misprison of Felony, as a Judge, a Clerk, and A Sheriff have been notified that crimes are being committed and each have ignored the reports and have expressed the intent to proceed with the criminal activity." (Compl. at 2.) She asks the Court to issue the injunction so that she can "execute [her] remedy in commerce, to find a cure of the issue as my rights are

according to Title 5 section 500 via completion of my administrative remedies/procedures that are usable and legal." (Compl. at 6.)

**Background**

Ms. Lucas's voluminous complaint is composed almost entirely of indecipherable legal rhetoric. It appears that Ms. Lucas may have been a party to a foreclosure action in Cuyahoga County, Ohio and that in the course of that action, a sheriff's sale has been ordered. Apparently to bolster her case or to satisfy her debt, Ms. Lucas created and signed a "Private Offset Bond," a "Bonded Promissory Note," and a "Private Discharge and Indemnity Bond" which are addressed to the United States Secretary of Treasury in the amounts of Fifty Million Dollars, Five Million Dollars, and Three Hundred Million Dollars respectively. These documents list Ms. Lucas as a creditor and suggest that in some manner the Secretary of Treasury is to use them to satisfy all of her past, present, and future liabilities. She claims "there is no evidence on or for the record that any third party defendant has received a Notice of Dishonor from the Secretary of the Treasury or any other entity. No defect in tender has been noted on or for the record." (Compl. at 3.) She contends that Judge McCormick "did not require...a mandatory counterclaim supported by the 1099OID, 1040v, 1040, 1096 sent to the Department of Treasury, Internal Revenue Service in compliance with FAS 133 and 140... ." (Compl. at 4.) The remainder of the complaint and its large number of attachments make reference to the Uniform Commercial Code, notary publics, copyright law, the gold standard, and maritime law. She requests an order from the this Court enjoining the state foreclosure action so that she can pursue "a criminal complaint and liquidation of each parties [sic] bonds by the Department of Treasury, Internal Revenue Service which are now in process." (Compl. at 6.)

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

To the extent that Ms. Lucas is asking this Court to intervene in a pending state court foreclosure case, it cannot do so. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if:

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state foreclosure matter, which are of paramount state interest. Doscher v. Menifee Circuit Court, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that Younger abstention was required in plaintiff's challenge to a state court foreclosure action). This Court therefore cannot enjoin the state court proceeding.

To the extent that Ms. Lucas is seeking to pursue some other type of action, her case must still be dismissed. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for

4


a party." Id. at 1278. Moreover, Ms. Lucas's failure to identify a coherent legal theory in her complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state a claim upon which relief may be granted.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                                               /s/Dan Aaron Polster 1/22/08
                                                               DAN AARON POLSTER
                                                               UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.